J-S32041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JOHN T. KATCHMORE :
:
Appellant : No. 1752 MDA 2017

Appeal from the PCRA Order October 16, 2017
in the Court of Common Pleas of Susquehanna County
Criminal Division at No.:  CP-58-CR-0000551-2012

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                          **FILED JUNE 26, 2018**

Appellant, John T. Katchmore, appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 6, 2013, a jury convicted Appellant of two counts each of rape of a child, aggravated indecent assault of a child, and indecent assault of a person less than thirteen years of age.  On May 14, 2014, the trial court sentenced Appellant to an aggregate term of not less than two and a half nor more seven years' incarceration, followed by forty-two years of probation.  The court also issued an order designating Appellant a sexually violent

---

[1] We have amended the caption to reflect the date the PCRA court's order was entered on the docket, instead of the day that it is dated.

---

*   Retired Senior Judge assigned to the Superior Court.

predator. Appellant filed a motion for reconsideration of sentence on May 22, 2014, which the trial court denied by opinion and order entered September 2, 2014. Appellant did not file a direct appeal.[2]

Appellant, acting *pro se*, filed a timely PCRA petition on November 26, 2014. On July 19, 2016, appointed counsel filed a motion to withdraw the PCRA petition, averring that, after a lengthy consultation with Appellant regarding the potential negative consequences that could result from his pursuit of PCRA relief, including the possible receipt of a lengthier sentence, Appellant wished to withdraw the petition. (**See** Motion to Withdraw PCRA Petition, 7/19/16, at 1-2 ¶¶ 3-4, 7). Counsel further stated that he had reviewed the record, and did not discover any potential avenues that would afford Appellant PCRA relief. (**See id.** at 2 ¶ 5). The PCRA court entered an order granting the motion to withdraw the PCRA petition on July 26, 2016.

Nearly one year later, on July 17, 2017, Appellant filed the instant, counseled PCRA petition. The PCRA court issued notice of its intent to dismiss the petition as untimely on September 15, 2017. **See** Pa.R.Crim.P. 907(1). It entered its order dismissing the petition on October 16, 2017. This timely appeal followed.[3]

---

[2] The trial court explained that, pursuant to an agreement with the Commonwealth, Appellant relinquished his appellate rights in exchange for receipt of the minimum sentence. (**See** Trial Court Opinion, 9/02/14, at 2).

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, nor did it file an opinion. **See** Pa.R.A.P. 1925.

Appellant raises the following issue for our review: "Whether the [PCRA] court erred, as a matter of law, in denying, without an evidentiary hearing, Appellant's second [PCRA petition] as untimely; where the Appellant was given ineffective advice of counsel to withdraw his timely filed first [PCRA petition] prior to a scheduled hearing absent any consideration?" (Appellant's Brief, at 4) (unnecessary capitalization omitted).

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error.  Before addressing the merits of [a]ppellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978, 983 (2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

> . . . [A] PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review."  42 Pa.C.S.A. § 9545(b)(3).

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused.  42 Pa.C.S.A. § 9545(b)(1).

\* \* \*

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies.

*Commonwealth v. Whitehawk*, 146 A.3d 266, 269-70 (Pa. Super. 2016) (some case citations and question marks omitted).

- 3 -

To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)–(iii).

> It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

*Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016) (quotation marks and citations omitted).

We also note that, "a PCRA petitioner is not automatically entitled to an evidentiary hearing." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197

- 4 -

(Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

Here, Appellant's judgment of sentence became final on October 2, 2014, when his time to file a direct appeal with this Court expired. **See** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until October 2, 2015, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on July 17, 2017, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the above-listed statutory exceptions to the time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Appellant, however, concedes that none of the enumerated statutory exceptions applies to his case. (**See** Appellant's Brief, at 10). Instead, Appellant argues that former PCRA counsel rendered ineffective assistance by withdrawing his first PCRA petition against his wishes, without his approval. (**See id.** at 10-11).[4] He further contends that although none of the exceptions to the time-bar applies, equity requires that this Court deem his second PCRA petition timely, in light of counsel's ineffectiveness. (**See id.**). We disagree.

As previously stated, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended **only** by operation of one of the statutorily enumerated

_____

[4] We note that this claim directly contradicts the averment made by former counsel in the motion to withdraw the PCRA petition that Appellant wished to withdraw the petition following lengthy consultation. (**See supra**, at *2).

- 5 -

exceptions to the PCRA time-bar." **Robinson**, **supra** at 185 (citation and internal quotation marks omitted; emphasis added). Regarding Appellant's claim of ineffective assistance of counsel, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted); **see also Commonwealth v. Zeigler**, 148 A.3d 849, 853 (Pa. Super. 2016) ("Appellant's claim of . . . counsel's ineffectiveness does not satisfy an exception to the PCRA time bar.") (citation omitted).

Therefore, because Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the time-bar, we affirm the PCRA court's order dismissing his petition without an evidentiary hearing. **See Whitehawk**, **supra** at 270; **Hudson**, **supra** at 1197.[5]

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2018

---

[5] We note that, even if Appellant had pleaded an exception to the time bar, he had an obligation to file a second PCRA petition within sixty days of the date of the order finally resolving his first PCRA petition. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). As previously mentioned, Appellant filed the instant petition nearly one year after his first petition was withdrawn.